IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Alejandro Noyola Meza and<br>Hector Antonio George Martinez<br><br>Plaintiffs,<br>v.<br><br>JC & Son's Construction LLC and<br>Jorge E. Chavez<br><br>Defendant. | Case No.<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## COMPLAINT

Plaintiffs, Alejandro Noyola Meza ("Plaintiff" for Counts I and 2) and Hector Antonio George Martinez ("Plaintiff" for Counts 3 and 4), by attorneys, Justicia Laboral LLC and Dan Schlade, complain against JC & Son's Construction, LLC ("Defendant" or "JC & Son's") and Jorge E. Chavez ("Defendant" or "Chavez"). JC & Son's and Chavez may collectively be referred to as ("Defendants"). In support of this Complaint, Plaintiffs state:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff Alejandro Noyola Meza is a resident of Pensacola, Florida, and was employed by Defendants.

3. Plaintiff Hector Antonio George Martinez is a resident of Pensacola, Florida, and was employed by Defendants.

4. Defendant JC & Son's Construction, LLC is a corporation that conducts business in the state of Florida.

5. Defendants operates as an enterprise engaged in commerce or in the production of goods for commerce under 29 USC § 203(s)(1)(A)(i) and (ii) the business has annual gross volume of sales made or business done of at least $500,000; and because the business is engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

6. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Middle District of Florida because all underlying facts and transactions occurred in or about Orlando, Florida.

## Facts Common To All Claims

8. Defendant JC & Son's Construction, LLC is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9 Jorge E. Chavez is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he was Plaintiffs' head "boss" at JC & Son's; (2) he had the power to hire and fire the employees, including Plaintiffs; (3) he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) he determined the rate and method of payment for employees; and (5) he maintained employment records.

.    .

## COUNT 1 – VIOLATION OF THE FLSA
**(On Behalf of Plaintiff Alejandro Noyola Meza against Defendants)**

10. Plaintiff Alejandro Noyola Meza reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11. Plaintiff began working at Defendant JC & Son's Construction, LLC in or before June 2021 until early September 2021.

12. At all times, Plaintiff held the same position at Defendants; he was a general construction worker. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform general construction, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

13. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 84 hours per week.

14. Plaintiff was paid their wages on a daily basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

16. Plaintiff's rate of pay was $180.00 per day, or $15.00 per hour.

17. Throughout the course of Plaintiff's employment with Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

18. Defendants did not pay Plaintiff minimum wages and not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

19. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20. Plaintiff is entitled to recover unpaid and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $4,950.00 in unpaid overtime wages; (ii) liquidated damages of $4,950.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages is attached as Exhibit A.

**WHEREFORE**, Plaintiff Alejandro Noyola Meza respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $4,950.00.

B. An award liquidated damages in an amount equal to at least $4,950.00.

C. A declaration that Defendant violated the FLSA.

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT 2-BREACH OF CONTRACT
**(On Behalf of Plaintiff Alejandro Noyola Meza against Defendants)**

21. Plaintiff Alejandro Noyola Meza entered into an employment contract with Defendants, wherein Plaintiff would perform general construction duties, and in exchange Plaintiff was to receive his wages.

22. Plaintiff performed all the obligations and conditions on its part to be performed under the Agreement.

23. Defendants did not pay Plaintiff for the last month of his employment. As a result, Plaintiff is owed approximately $5,000.00 in unpaid wages. Plaintiff has repeatedly demanded payment of all amounts due and owing from Defendants, who have failed to make any payments.

24. Defendants' failure to make payment constitutes a breach of contract.

25. As a result of the above, Plaintiff Alejandro Noyola Meza has suffered damages in the amount of $5,000.00, plus costs, prejudgment interest, and attorneys fees.

**WHEREFORE,** Plaintiff Alejandro Noyola Meza respectfully requests that the Court enter a judgment in its favor and against Defendants and order Defendants to pay $5,000.00, plus costs, prejudgment interest, and attorneys fees.

### COUNT 3 – VIOLATION OF THE FLSA
**(On Behalf of Plaintiff Hector Antonio George Martinez against Defendants)**

26. Plaintiff Hector Antonio George Martinez reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 26.

27. Plaintiff began working at Defendant JC & Son's Construction, LLC. in or before April 2021 until October 2021.

28. At all times relevant, Plaintiff held the same position at Defendant JC & Son's Construction, LLC, where he was a general construction worker. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform general work and remodeling and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

29. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 119 hours per week.

30. Plaintiff was paid his wages on a(n) daily basis.

31. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

32. Plaintiff's rate of pay was $250.00 per day, or $14.70 per hour.

33. Throughout the course of Plaintiff's employment, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

34.     Defendants did not pay Plaintiff minimum wages and not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

35.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

36.     Plaintiff is entitled to recover unpaid and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $18,000.15 in unpaid overtime wages; (ii) liquidated damages of $18,000.15; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages is attached as Exhibit B.

**WHEREFORE** Plaintiff Hector Antonio George Martinez respectfully requests the Court enter judgment in his favor and against Defendants, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $18,000.15.

B. An award liquidated damages in an amount equal to at least $18,000.15.

C. A declaration that Defendant violated the FLSA.

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### COUNT 4-BREACH OF CONTRACT
**(On Behalf of Plaintiff Hector Antonio George Martinez against Defendants)**

37.     Plaintiff Hector Antonio George Martinez entered into an employment contract with Defendants, wherein Plaintiff would perform general construction duties, and in exchange Plaintiff was to receive his wages.

38.     Plaintiff performed all the obligations and conditions on its part to be performed under the Agreement.

39.     Defendants did not pay Plaintiff for the last month of his employment.  As a result, Plaintiff is owed approximately $8,000.00 in unpaid wages. Plaintiff has repeatedly demanded payment of all amounts due and owing from Defendants, who have failed to make any payments.

40.     Defendants' failure to make payment constitutes a breach of contract.

41.     As a result of the above, Plaintiff Hector Antonio George Martinez has suffered damages in the amount of $8,000.00, plus costs, prejudgment interest, and attorneys fees.

**WHEREFORE,** Plaintiff Hector Antonio George Martinez respectfully requests that the Court enter a judgment in its favor and against Defendants and order Defendants to pay $8,000.00, plus costs, prejudgment interest, and attorneys fees.

s/ Daniel Schlade
**Justicia Laboral LLC**
Daniel I. Schlade (Bar No.#1034991)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
Email: dschlade@justicialaboral.com

**PLAINTIFF DEMANDS TRIAL BY JURY**

EXHIBIT A- Alejandro Noyola Meza

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | MW/Hr. | Unpaid MW | Unpaid OT | FLSA Liquidated |
|---|---|---|---|---|---|---|---|
| 6/6/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 6/13/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 6/20/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 6/27/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 7/4/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 7/11/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 7/18/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 7/25/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 8/1/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 8/8/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 8/15/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 8/22/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 8/29/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 9/5/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| 9/12/2021 | 84 | 44 | $15.00 | $0.00 | $0.00 | $330.00 | $330.00 |
| TOTALS: | | | | | | $4,950.00 | $4,950.00 |

EXHIBIT B- Hector Antonio George Martinez

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | MW/Hr. | Unpaid MW | Unpaid OT | FLSA Liquidated |
|---|---|---|---|---|---|---|---|
| 4/4/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 4/11/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 4/18/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 4/25/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 5/2/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 5/9/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 5/16/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 5/23/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 5/30/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 6/6/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 6/13/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 6/20/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 6/27/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 7/4/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 7/11/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 7/18/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 7/25/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 8/1/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 8/8/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 8/15/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 8/22/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 8/29/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 9/5/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 9/12/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 9/19/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 9/26/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 10/3/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 10/10/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 10/17/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 10/24/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| 10/31/2021 | 119 | 79 | $14.70 | $0.00 | $0.00 | $580.65 | $580.65 |
| TOTALS: | | | | | | $18,000.15 | $18,000.15 |