# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALEJANDRO NOYOLA MEZA and
HECTOR ANTONIO GEORGE
MARTINEZ,

                Plaintiffs,

v.                                                          Case No:   6:23-cv-242-WWB-LHP

JC & SON'S CONSTRUCTION LLC
and JORGE E. CHAVEZ,

                Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4 AND FLA. STAT. § 48.102 (Doc. No. 17)** |
| **FILED:** | **June 30, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Plaintiffs request to effect alternative service by certified mail, regular mail, and email on both Defendant JC & Son's Construction LLC and Defendant Jorge E. Chavez, contending that Defendants are evading service.   Doc. No. 17.   In the motion, Plaintiffs cite Fed. R. Civ. P. 4(e)(1), Fla. Stat. § 48.102, and prior failed service attempts.   *Id.*

Federal Rule of Civil Procedure 4(e)(1) governs service on an individual within a judicial district of the United States, and provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."   Fed. R. Civ. P. 4(e)(1).   *See also* Fed. R. Civ. P. 4(h)(1)(A) (providing that a domestic or foreign business associations may be served in the manner prescribed by Rule 4(e)(1) for serving an individual).   Fla. Stat. § 48.102, titled "Service by other means," states:

> If, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a domestic or foreign corporation; a domestic or foreign general partnership, including a limited liability partnership; a domestic or foreign limited partnership, including a limited liability limited partnership; or a domestic or foreign limited liability company, the court, upon motion and a showing of such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit.   Such other manners of service may include service electronically by e-mail or other technology by any person authorized to serve process in accordance with this chapter, or by an attorney.   The court may authorize other methods of service

consistent with the principles of due process.   In suits involving a breach of contract, the court may consider authorizing the parties to effectuate service in the manner provided for in the contractual notice provision of the subject contract.

Fla. Stat. § 48.102.

According to Plaintiffs, Fla. Stat. § 48.102 provides authority for serving both Defendants by alternative means, to include certified mail, regular mail, and email. Doc. No. 17, at 4–5.   However, by its plain terms, Fla. Stat. § 48.102 speaks to service on "a domestic or foreign corporation; a domestic or foreign general partnership, including a limited liability partnership; a domestic or foreign limited partnership, including a limited liability limited partnership; or a domestic or foreign limited liability company" alone, and it does not appear to have any application to service on individuals.   *See* Fla. Stat. § 48.102. [1]   So, while this statute may authorize alternative service on Defendant JC & Son's Construction LLC if Plaintiff can demonstrate evasion of service, it does not appear to authorize alternative service on Defendant Jorge E. Chavez individually.   *See id.*

In a separately filed "Memorandum of Law," even if considered by the Court,[2] Plaintiffs provide no legal authority for the propriety of alternative service

---

[1] Fla. Stat. § 48.102 became effective January 2, 2023, and there is no decisional authority addressing its application.

[2] The separately filed "Memorandum of Law" was filed in contravention of the requirements of Local Rule 3.01(a).   *See* Local Rule 3.01(a) (requiring motion to include, in

on individual Defendant Jorge E. Chavez.  *See* Doc. No. 20.  Plaintiffs again cite Federal Rule of Civil Procedure 4(e)(1) and Fla. Stat. § 48.102, which, as discussed above, do not support alternative service as to Defendant Jorge E. Chavez.  *See id.* at 3.  Plaintiffs also cite several cases which have no application here, which address substitute service on non-residents under different statutes,[3] alternative service as authorized under a different version of the Federal Rules and a federal statute not at issue here,[4] alternative service on an individual in a foreign country

---

a *single* document, "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request").  This is now the second time the Court has advised counsel of the requirements of Local Rule 3.01(a), *see* Doc. No. 14, and any further offending filings will be summarily stricken and denied. Nonetheless, even considering the Memorandum, the legal authority cited therein is inapposite.

[3] *See Verizon Trademark Servs., LLC v. Producers, Inc.*, No. 8:10-cv-665-T-33EAJ, 2011 WL 3296812 (M.D. Fla. Aug. 2, 2011) (addressing substitute service under Fla. Stat. § 48.161); *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695 (Fla. 4th Dist. Ct. App. 2010) (addressing substitute service under Fla. Stat. §§ 48.161, 48.171); *Delancy v. Tobias*, 26 So. 3d 77 (Fla. 3d Dist. Ct. App. 2010) (addressing substitute service under Fla. Stat. § 48.181(1)).  The complaint does not allege either Defendants' place of residence, therefore the Court is unable to ascertain whether legal authority concerning substitute service on non-residents applies here.  *See* Doc. No. 1.

[4] *See Nat'l Labor Relations Bd. v. Clark*, 468 F.2d 459 (5th Cir. 1972) (addressing prior Rule 4(d)(7), authorizing service under a federal statute, and finding that the National Labor Relations Act authorized alternative service).

under Federal Rule of Civil Procedure 4(f),[5] or do not address the service requirements under Federal Rule of Civil Procedure 4 at all.[6]  *See id.* at 3–5.

Absent legal authority supporting Plaintiffs' request for alternative service on Defendant Jorge E. Chavez, the request will be **DENIED without prejudice**. And given that the time for service on Defendant Jorge E. Chavez has now expired, Plaintiffs will be given a limited opportunity to file a renewed motion, as set forth below; otherwise, Defendant Jorge E. Chavez is due to be dismissed from this case. *See* Fed. R. Civ. P. 4(m).

However, as it relates to alternative service on Defendant JC & Son's Construction LLC, the Court finds the request for alternative service well taken, pursuant to Fla. Stat. § 48.102.   Specifically, Plaintiffs state that between April 19, 2023 and May 8, 2023, their process server made three unsuccessful service attempts at Defendants' Florida business address.   Doc. No. 17, at 3.  *See also id.* at 7, 15.[7]

---

[5]  *See U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617 (S.D. Fla. 2011) (addressing foreign service under Rule 4(f)(3)); *Chanel, Inc. v. Lin*, No. 08-23490-CIV, 2009 WL 1034627 (S.D. Fla. Apr. 16, 2009) (same).

[6]  *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950).

[7]  The address provided is that reflected in records for the Florida Division of Corporations, records which are publicly available on sunbiz.org.   Those records also reflect that Defendant Jorge E. Chavez is both the registered agent for and a member of Defendant JC & Son's Construction LLC, and that Defendant JC & Son's Construction LLC was a Florida LLC that was administratively dissolved on September 23, 2022 for failure to file an annual report.

Following those unsuccessful service attempts, further research provided a different address for Defendants, Plaintiffs conducted a skip trace for that address, and thereafter made six service attempts at that address on six different days, during one of which a neighbor confirmed that Defendant Jorge E. Chavez currently lived at that address.   *See id.* at 3–4.   *See also id.* at 4–5, 16.

Accordingly, the Court finds that Plaintiffs have "after due diligence . . . [been] unable to effectuate personal service of process" on Defendant JC & Son's Construction LLC, and by motion, have made a "showing of such inability," as required by Fla. Stat. § 48.102.   Thus, the Court will grant the motion as it relates to the request for alternative service on Defendant JC & Son's Construction LLC.

For the reasons stated herein, it is **ORDERED** as follows:

1.      Plaintiffs' Motion for Alternative Service Pursuant to Federal Rule of Civil Procedure 4 and Fla. Stat. § 48.102 (Doc. No. 17) is **GRANTED in part and DENIED in part**.

2.      The Motion (Doc. No. 17) as it relates to the request to permit alternative service on Defendant Jorge E. Chavez individually is **DENIED without prejudice**.   Plaintiffs may file a renewed motion on or before **August 15, 2023**, which must provide citation to applicable legal authority permitting alternative service on Defendant Jorge E. Chavez individually. Alternatively, Plaintiffs must provide proof of service on Defendant Jorge E.

Chavez individually on or before that date.   Failure to comply with this Order will result in a recommendation that the claims against Defendant Jorge E. Chavez in his individual capacity be dismissed without further notice.   *See* Fed. R. Civ. P. 4(m).

3.      The Motion (Doc. No. 17) as it relates to the request to permit alternative service on Defendant JC & Son's Construction LLC pursuant to Fla. Stat. § 48.102 is **GRANTED**.   Pursuant to Fla. Stat. § 48.102, Plaintiffs shall effect alternative service on Defendant JC & Son's Construction LLC by <u>each</u> of the following means:

    a.      By certified mail return receipt and regular mail to 630 Saint Andrews Drive Apt. B202, Murfreesboro, Tennessee 37128.

    b.      By affixing the summons to the door at 630 Saint Andrews Drive, Apt. B202, Murfreesboro, Tennessee 37128.

    c.      By certified return receipt and regular mail at 10387 Vista Oaks Ct. Unit 210, Orlando, Florida 32836

    d.      By email to jcsonsconstruction1@gmail.com.

4.      On or before **August 15, 2023**, Plaintiffs shall file a notice on the docket to include proof of service on Defendant JC & Son's Construction LLC by <u>each</u> of these alternative methods.   Failure to comply with this Order will result in a recommendation that the claims against Defendant JC & Son's

Construction LLC be dismissed without further notice. *See* Fed. R. Civ. P. 4(m).

**DONE** and **ORDERED** in Orlando, Florida on August 1, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties